# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RUIZ MIGUEL,

        Plaintiff,

    v.

SUPERIOR STATE COURTS LEGAL SYSTEM IN FAIRBANKS AK,

        Defendants.

Case No. 4:25-cv-00046-SLG

## ORDER OF DISMISSAL UPON SCREENING & NOTICE OF STRIKE

On October 6, 2025, self-represented prisoner Ruiz Miguel, also known as Pedro Jimonez, ("Plaintiff") filed a civil complaint and request for exemption from the payment of the filing fee on a state court form.[1] Plaintiff's Complaint alleges that the Superior State Courts of Alaska violated his constitutional rights. The Court does not consider any possible claims in the body of the Complaint against individuals who are not named as defendants in the case caption or in the specified "Defendant(s)" section on page two of the complaint form, which identifies only Superior State Courts as Defendant.[2]

Then, on October 28, 2025, Plaintiff filed a 15-page handwritten statement.[3] The Court does not consider the additional issues contained in Docket 3, as that

---

[1] Dockets 1-2.

[2] Docket 1 at 2.

[3] Docket 3.

is not proper procedure to amend a complaint.[4]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. As explained below, Plaintiff's Complaint seeks relief from defendants who are immune from suit. The Court finds that allowing leave to file an amended complaint would be futile.[5] Therefore, this case must be DISMISSED. This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[4] Rule 15(a) of the Federal Rules of Civil Procedure governs the process for amending pleadings. A plaintiff may amend a complaint (1) within 21 days after service or within 21 days of a responsive pleading or a motion under Federal Rule of Civil Procedure Rules 12(b), (e), or (f); (2) with the opposing party's consent, or (3) with a court's permission.[4] Additionally, the Local Civil Rule 15.1 governs this Court's practice for amending pleadings: "The proposed amended pleading must not incorporate by reference any prior pleading, including exhibits."

[5] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations).

[6] 28 U.S.C. §§ 1915, 1915A.

Case No. 4:25-cv-00046-SLG, *Miguel v. Superior State Courts Legal System in Fairbanks, AK*
Order of Dismissal Upon Screening & Notice of Strike
Page 2 of 10
Case 4:25-cv-00046-SLG    Document 5    Filed 02/06/26    Page 2 of 10

> (iii) seeks relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the self-represented plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[12]

---

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[12] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

Case No. 4:25-cv-00046-SLG, *Miguel v. Superior State Courts Legal System in Fairbanks, AK*
Order of Dismissal Upon Screening & Notice of Strike
Page 3 of 10
Case 4:25-cv-00046-SLG    Document 5    Filed 02/06/26    Page 3 of 10

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

> **I. This action is deficient because Plaintiff did not include a fully completed Application to Waive Prepayment of the Filing Fee on the Court's form or a statement from his prison trust account for the past six months**

To properly commence a civil action, a prisoner litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive prepayment of the filing fee on the District of Alaska's Form PS10.[14] Prisoner litigants must also include a statement from their prison trust account for the past six months.[15] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[16] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[17]

Plaintiff's motion to waive the filing fee at **Docket 2 is DENIED** because it is not on the proper form and does not include the prisoner trust account statement. Plaintiff is not accorded leave to cure this deficiency because the Court finds leave to amend his complaint would be futile.

---

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[14] Local Civil Rule 3.1.

[15] Local Civil Rule 3.1(c)(3).

[16] 28 U.S.C. § 1915(a)-(b).

[17] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00046-SLG, *Miguel v. Superior State Courts Legal System in Fairbanks, AK*
Order of Dismissal Upon Screening & Notice of Strike
Page 4 of 10
Case 4:25-cv-00046-SLG    Document 5    Filed 02/06/26    Page 4 of 10

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[18] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[19] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[20] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[21]

Further, multiple defendants may be joined in a single action only when the claims asserted against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."[22] Unrelated claims against different defendants must be filed in separate lawsuits.

---

[18] Fed. R. Civ. P. 8(a)(2).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[20] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[21] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[22] Fed. R. Civ. P. 20(a)(2).

Case No. 4:25-cv-00046-SLG, *Miguel v. Superior State Courts Legal System in Fairbanks, AK*
Order of Dismissal Upon Screening & Notice of Strike
Page 5 of 10
Case 4:25-cv-00046-SLG    Document 5    Filed 02/06/26    Page 5 of 10

### III. Defendant is immune from suit

The sole Defendant named in the Complaint is the Superior State Courts.

The Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the State court system—from being sued in federal court unless the state has waived its immunity.[23] The State of Alaska has not waived its immunity for civil rights claims alleging violations of the federal Constitution in federal court.

Plaintiff's Complaint is DISMISSED because the Superior State Courts within the Alaska Court System is a judicial "arm" of the State of Alaska, and therefore, cannot be sued in federal court.[24] The Court finds that granting Plaintiff leave to file an amended complaint to try to correct this deficiency would be futile. The only individuals who could be named in place of the Superior State Courts are judges and court personnel acting within the scope of their official duties, all of whom are absolutely immune from suit in federal court.[25] Because amendment would be futile, this case is dismissed without leave to amend.[26]

---

[23] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,* 348 U.S. 781 (1978).

[24] *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987) (holding that state courts are arms of the state for Eleventh Amendment purposes).

[25] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003) ("[A] judge is absolutely immune for judicial acts."). *See also Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

[26] *Huffman v. Lindgren,* 81 F.4th 1016 (9th Cir. 2023) (affirming dismissal without leave to amend based on judicial immunity).

Case No. 4:25-cv-00046-SLG, *Miguel v. Superior State Courts Legal System in Fairbanks, AK*
Order of Dismissal Upon Screening & Notice of Strike
Page 6 of 10

Case 4:25-cv-00046-SLG   Document 5   Filed 02/06/26   Page 6 of 10

## IV. Plaintiff's remaining claims

To the extent Plaintiff seeks to assert claims against other individuals, such as an Alaska State Trooper, he has not properly named any such defendants in the caption of the Complaint.[27] The Court will not consider vague or undeveloped claims raised only in the narrative portion of a pleading.

To the extent Plaintiff seeks to bring an unrelated excessive force or failure to protect claim against an individual correctional officer based on an alleged assault in July 2025,[28] he must do so in a separate court case.

To the extent Plaintiff seeks to bring claims on behalf of other prisoners, a non-attorney self-represented litigant has "no authority to appear as an attorney for others than himself."[29] While a court may permit self-represented prisoners to join together as plaintiffs in a lawsuit, "each prisoner proceeding IFP in a multi-prisoner lawsuit [must] pay the full amount of a filing fee."[30] By way of example, in a lawsuit brought by three prisoners, each prisoner would be assessed the filing fee of $350, for a total filing fee of $1,050.

---

[27] *See* Rule 10(a) of the Federal Rules of Civil Procedure (requiring that a plaintiff name all parties in the title of the complaint).

[28] Docket 4 at 2.

[29] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[30] *Johnson v. High Desert State Prison*, 127 F.4th 123, 132 (9th Cir. 2025) (internal quotations omitted); *see also* 28 U.S.C. § 1915(b)(1).

Case No. 4:25-cv-00046-SLG, *Miguel v. Superior State Courts Legal System in Fairbanks, AK*
Order of Dismissal Upon Screening & Notice of Strike
Page 7 of 10

Case 4:25-cv-00046-SLG   Document 5   Filed 02/06/26   Page 7 of 10

## V.  Jailhouse Lawyers

The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[31] However, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[32]

Under Rule 11 of the Federal Rules of Civil Procedure, when a party, including one who is self-represented, files a pleading, written motion, and other paper with the Court, he certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[33]

Plaintiff asserts that he has limited proficiency in English, but his filings demonstrate substantial comprehension of the English language. The Court is aware that many prisoners rely on jailhouse "lawyers". However, Plaintiff is

---

[31] See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[32] See 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). See also U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[33] Fed. R. Civ. P. 11(b)(2–3).

Case No. 4:25-cv-00046-SLG, *Miguel v. Superior State Courts Legal System in Fairbanks, AK*
Order of Dismissal Upon Screening & Notice of Strike
Page 8 of 10
Case 4:25-cv-00046-SLG   Document 5   Filed 02/06/26   Page 8 of 10

responsible for the pleadings which he submits to the Court, whether prepared by a licensed attorney, a jailhouse lawyer, or himself.[34]

Although Plaintiff is free to seek input or assistance from anyone he chooses in preparing his filings, he remains solely responsible for the content and accuracy of all submissions made to the Court. Reliance on advice or drafting assistance from non-attorneys—particularly individuals without legal training—is undertaken at Plaintiff's own risk and does not excuse noncompliance with procedural rules or substantive legal requirements.

## THE THREE STRIKES RULE

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[35] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[36] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the

---

[34] *Cf.* Fed. R. Civ. P. 11(b) (by signing pleading, signatory certifies that to best of signatory's knowledge, formed after reasonable inquiry, the claims and legal contentions are warranted by existing law).

[35] 28 U.S.C. § 1915(g).

[36] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

Case No. 4:25-cv-00046-SLG, *Miguel v. Superior State Courts Legal System in Fairbanks, AK*
Order of Dismissal Upon Screening & Notice of Strike
Page 9 of 10
Case 4:25-cv-00046-SLG   Document 5   Filed 02/06/26   Page 9 of 10

defendants alleged in the complaint and redressable by the Court.[37] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[38] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[39]

IT IS THEREFORE ORDERED:

1. This action is **DISMISSED.**

2. This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

3. All pending motions are **DENIED as moot.**

4. The Clerk shall issue a final judgment and close this case.

DATED this 6th day of February, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[37] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[38] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[39] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 4:25-cv-00046-SLG, *Miguel v. Superior State Courts Legal System in Fairbanks, AK*
Order of Dismissal Upon Screening & Notice of Strike
Page 10 of 10
Case 4:25-cv-00046-SLG   Document 5   Filed 02/06/26   Page 10 of 10